**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**CARL WAYNE FOY,**

        **Petitioner,**

**v.**                           **Civil Action No. 5:08cv42**
                                       **(Judge Stamp)**

**DAVID BALLARD, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On January 25, 2008, this § 2254 habeas corpus petition was transferred in from the Southern District of West Virginia. On March 28, 2008, the respondent filed an answer, a motion for summary judgment, and a memorandum in support. On April 18, 2008, the petitioner, through counsel, filed a Motion to Strike the Respondent's Answer and a Reply in Opposition to the respondent's motion for summary judgment. This case is before the undersigned for a report and recommendation on the pending motions.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

In January 2002, the petitioner was indicted by the Circuit Court of Pleasants County, West Virginia, of first degree murder in violation of W.Va. Code § 61-2-1. See Respondent's Exhibit 1 (dckt. 13-2) (hereinafter "Resp. Ex. 1"). On November 14, 2002, the jury found petitioner guilty of first degree murder. Resp't Ex. 2. In a bifurcated sentencing proceeding, the jury made no recommendation of mercy. Id. Accordingly, on November 22, 2002, the petitioner was sentenced to life without mercy in the penitentiary. Id.

## B.   Direct Appeal

On October 2, 2003, the petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals.   Resp't Ex. 3.   In his appeal, the petitioner alleged the following assignments of error:

> 1.   Defendant had inadequate assistance of counsel because defense counsel failed to introduce evidence crucial of his theories of defense.
>
> 2.   Defendant had inadequate assistance of counsel because defense counsel failed to advise defendant as to their opinion as to whether, in light of the developments in the trial, it was in his best interest to testify.
>
> 3.   The defendant had inadequate assistance of counsel when defense counsel filed the motion for bifurcation as it allowed the State to introduce evidence in the mercy phase it could not have introduced in a unitary trial.
>
> 4.   The Court erred in holding that the West Virginia Rules of Evidence did not apply to the mercy phase of the bifurcated trial.
>
> 5.   The Court erred in excluding the third oral statement of the defendant prior to his incarceration since two other related statements were admitted in the State's case in chief.
>
> 6.   Other errors apparent on the face of the record.

Id.  The WVSCA refused the petitioner's appeal on May 27, 2004.  Id.

## C.  Petitioner's State Habeas Petition

The petitioner filed a state habeas petition with the Circuit Court of Pleasants County on May 18, 2005.  Resp't Ex. 4.  In his state habeas petition, the petitioner asserted the following grounds for relief:[1]

---

[1] The petitioner's state habeas petition contains more than 50 numbered paragraphs.  However, the petition never specifically identifies the grounds raised for relief.  Instead, counsel for petitioner intertwines his grounds for relief with the factual and procedural history he sets forth in the petition.  Therefore, it is difficult, if not impossible, for the Court to determine the exact grounds raised by the petitioner in his state habeas petition.  The grounds identified herein, are the grounds the undersigned has been able to clearly identify based on the format of the petitioner's state habeas petition as written.

1.  Ineffective assistance of counsel for

> a.  failing to call available witnesses that negated malice and supported the defense of no premeditation;
>
> b.  failing to call available witnesses that proved the petitioner consumed 15-20 intoxicating drinks to support the intoxication defense (which would also support the contention he may have stumbled);
>
> c.  failing to call available witnesses that supported petitioners' provocation defense;
>
> d.  failing to put on any evidence to support any of the petitioner's theories of defense, including accidental shooting;
>
> e.  wrongfully advising petitioner that his video statement was admissible evidence;
>
> f.  leading petitioner to believe that he was entitled to a mistrial for the State's failure to disclose evidence;
>
> g.  making a motion to bifurcate the sentencing phase of the trial;
>
> h.  failing to advise petitioner as to the best strategy related to his testifying and failing to prepare him to testify.

2.  The Court erred in ruling that the West Virginia Rules of Evidence did not apply to the mercy phase of the bifurcated trial and allowed inadmissible evidence to be presented concerning drug use by the petitioner, which was highly prejudicial and affected the jury verdict.

3.  The trial court erred in excluding petitioners' third oral statement after allowing the State to introduce his two prior oral statements.

The state court summarily dismissed the petitioner's state habeas petition in an Order entered on May 23, 2007.  Id.  The petitioner appealed that decision to the WVSCA on October 2, 2007.  Resp't Ex. 5.  In his appeal, the petitioner alleged the following assignments of error:

1.  The habeas court erred in its finding that the appellant's right to effective assistance of counsel was not violated due to trial counsel's deficient conduct.

2.  The habeas court erred in failing to make findings of fact related to appellants' contention that defense counsel failed to introduce critical evidence known to defense counsel supportive of his defenses of no premeditation, provocation and intoxication and erroneously concluded "the defense concentrated on the theory of accident, and felt it was unwise to also try and present the theories of provocation and drunkenness to the jury."

3.  The habeas court erred in failing to make findings of facts related to appellants' contention that defense counsel failed to introduce any probative evidence that his ex-wife's death resulted from an accident.

4.  The habeas court erred in failing to make findings of fact related to appellants' contention that defense counsel, without appellants' consent, had filed a motion for bifurcation without any justification for the same when said motion was prejudicial to his defense.

5.  The habeas court erred in its assertion that petitioner was raising three grounds for why he was being held unlawfully as the petition was crafted to allege only one ground for his unlawful restraint, which was that his trial counsel was ineffective and he was materially prejudiced by their acts and omissions.

6.  The habeas court erred in it findings that defense counsel chose trial tactics that were reasonable in not calling "several" witnesses to the stand.

7.  The habeas court erred in finding that defense counsel "were both fully qualified, by training and years of experience to represent the Appellant . . ." and "the professional conduct of both counsel was such that at all times would considered to be intended for the best interest and protection of the rights of the Appellant."

8.  While the issue is not of constitutional dimension, the habeas court erred in holding that the West Virginia Rules of Evidence did not apply to the mercy phase of the bifurcated trial.

Id.  The WVSCA refused the petitioner's appeal of the denial of his state habeas petition on January 10, 2008.  Id.

## D.   **Petitioner's Federal Habeas Petition**

In his federal habeas petition, the petitioner asserts the following grounds for relief:

(1) Ineffective assistance of counsel.  In support of this ground, the petitioner avers the following:

> a.   attorney Butler did not prepare petitioner to testify; told him not to that his recorded statement was admissible;
> b.  defense counsel failed to timely issue a subpoena duces tecum for the court order giving him visitation rights to his son;
> c.  defense counsel in their opening stated facts that clearly negated his wife's death was premeditated;
> d.  there were witnesses and evidence to prove every fact stated in the opening but not one witness was called by defense counsel to prove those facts;
> e.  for lack of evidence the trial judge refused defendants' proffered provocation and intoxication instructions;
> f.  prior to trial, defense counsel falsely advised the judge they had evidence to present to the jury that was only proper in a mercy phase and to petitioners' huge detriment induced the judge to bifurcate the trial;

g. during mercy phase defense counsel asked no questions or presented any of the evidence cited in their opening;

h. defense counsel Butler refused to converse with petitioner after 10-8-2001 (1 month and 4 days prior to trial);

i. defense counsel Haught (appointed 10-16-02) did not have a complete file and admits he was unable to try the case by himself and he was the only counsel advising petitioner as to the trial proceedings.

(2) The state court's handling of his habeas petition was in violation of petitioners' due process rights and its decision was based on an unreasonable determination of the facts presented and resulted in a decision contrary to and involving an unreasonable application of Federal law. In support of this ground, the petitioner avers the following:

a. the habeas petition filed on 5-18-05 set forth over 40 specific allegations of fact, each supported by an exhibit;

b. the State's response was: "1. The respondent admits such matters set forth in the aforesaid Petition as accurately reflects matter of public record and all hearing transcripts related to the underlying criminal proceeding. 2. The respondent denies all other allegations set forth therein and demands strict proof thereof;"

c. the habeas court failed to respond to counsel's 11-4-2005 and 12-23-2005 requests for a hearing;

d. the habeas court determined on March 8, 2006, a hearing was not required and he would issue a decision based on the petition, answer and trial record;

e. the habeas court's 5-23-07 ruling failed to address most of petitioners' evidence filed in support of his grounds for relief and erroneously misstated the facts cited in support of its decision.

(3) The habeas court erroneously found the conduct of both defense counsel would be considered in the best interest and protection of petitioners' rights. In support of this ground, the petitioner avers the following:

a. the facts stated in support of grounds 1 and 2 of this petition belie this finding by the Court;

b. defense counsel's handling of the State's instructions 5, 6, 7, and 9 evidence that they were not knowledgeable as to the approved murder instructions in State v. Hatfield, 169 W.Va. 191, 286 S.E. 402 (1982) or State v. Guthrie, 194 W.Va. 657, 461 S.E.2d 163 (1995. Instructions 5 and 6 come from an old 1903 case and in the Hatfield case, FN7, the Court set forth a different and preferred instruction. In Guthrie, the Court mandated the use of the FN7 instruction. The giving of Instruction 7, under Guthrie, requires as instruction with the language in Instruction 9 that was struck based on defense counsel's objection. The end result was instructions that lacked reference to "a period of time for prior consideration" and destroyed the distinction between first and second degree murder.

5

(4) In violation of petitioners' due process rights, the state habeas court went outside the record in making the finding that petitioner's defense attorneys were fully qualified by training and legal experience to represent petitioner in a first degree murder case. In support on this ground, the petitioner avers the following:

> a. there is nothing in the record to show that either attorney had ever handled or tried a murder case or even had the slightest training in handling a capital murder case.
> b. defense counsel's handling of State's instructions 5, 6, 7, and 9 and particularly their objection to No. 9, the <u>Guthrie</u> instruction, evidences they did not possess the basic knowledge and skill to handle a capital murder case.

## E.  **Respondents' Answer**

In his answer, the respondent denies that any violation of the petitioner's rights has occurred. Moreover, the respondent concedes that the petition is timely filed, and that the claims raised therein appear to be exhausted.

## F.  **Respondent's Motion for Summary Judgment**

In his motion for summary judgment, the respondent asserts that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. In support of his motion, the respondent asserts that the petitioner fails to assert claims cognizable on federal habeas, fails to state claims upon which relief can be granted, and otherwise fails to demonstrate that the petitioner is entitled to relief. In his memorandum in support, the respondent addresses each of petitioners' claims, point for point.

## G.  **Petitioner's Motion to Strike the Respondent's Answer**

In his motion to strike, the petitioner asserts that the respondent's answer fails to properly address the allegations in the petition as required by Rule 5 of the Rules Governing Section 2254 Proceedings. More specifically, the petitioner asserts that a general denial does not appropriately address the specific factual allegations raised in the petition and is not in compliance with Rule 8 of the Federal Rules of Civil Procedure. The respondent asserts that the respondent should therefore

be compelled to admit or deny each and every separate allegation raised in the petition or to have his answer stricken from the record. In the memorandum in support of this motion, the petitioner acknowledges the respondent's motion for summary judgment, but seems to assert that the summary judgment motion, in conjunction with the respondent's answer, is insufficient to address the merits of the petition.

**H.  Petitioner's Reply to Respondent's Motion for Summary Judgment**

In his reply, the petitioner asserts that he has set forth sufficient grounds to establish that the state court's decision was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The petitioner thereafter reasserts the allegations raised in the petition. The petitioner also suggests that the respondent improperly addressed each of his claims "in a vacuum," when it should have considered the allegations "as a whole." Reply at 4, n. 1. Moreover, the petitioner asserts that because the respondent failed to properly answer the petition, the allegations contained therein should be deemed admitted for purposes of the summary judgment motion. Therefore, the petitioner argues that the admission of such "facts" proves that the state court's adjudication of his claims was based on an unreasonable determination of the facts presented. Finally, the petitioner argues that the respondent's motion for summary judgment should be denied because there are material facts at issue in this case.

## II.  Standards of Review

**A.  Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c)

of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-588 (1986).

**B.    Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n

application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may

not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of
> clearly established Federal law, as determined by the Supreme Court of the United States;
> or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the

merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims

that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475

(4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning,

the federal court independently reviews the record and clearly established Supreme Court law. Bell

v. Jarvis, 236 F.3d 149 (4th Cir.) cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d

470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's

determination 'resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id.

at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court

arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court

decides a case differently that this Court has on a set of materially indistinguishable facts."

<u>Williams</u>, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> "An unreasonable application of federal law is different from an incorrect application of federal law." <u>Id.</u> at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U. S. C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, "we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" <u>Tucker v. Ozmint</u>, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993); <u>Richmond v. Polk</u>, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, <u>supra</u>.

Here, the petitioner's claims were properly presented to the courts of the State. Because the petitioner's claims were adjudicated on the merits in state court, the State's findings of fact and conclusions of law are due the appropriate deference.

### III.   <u>Analysis</u>

While cognizant of the fact that the instant habeas corpus petition involves a sentence of life

without mercy that was not granted direct appellate review, the undersigned also must recognize that habeas petitions must meet heightened pleading requirements. <u>McFarland v. Scott</u>, 512 U.S. 849 (1994). Moreover, "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." <u>Blackledge v. Allison</u>, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125, 1136 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993). In other words, even given the circumstances in this case, unsupported, conclusory allegations do not entitle a habeas petitioner to relief. <u>Id</u>.

## A.   Ground One - Ineffective Assistance of Counsel

With regard to this claim, the state habeas court found:

> Mr. Foy claims that "his trial attorneys were materially deficient in their representation of him and except for such unprofessional errors there was a reasonable probability the result would have been different."
>
> Mr. Foy asserts that "[t]he trial 'tactics' adopted by defense counsel were clearly deficient under any objective standard as counsel (a) failed to call available witnesses that negated malice and supported the defense of no premeditation; (b) counsel failed to call available witnesses that proved Petitioner consumed 15-20 intoxicating drinks to support the intoxication defense (which would also support the contention he may have stumbled); (c) counsel failed to call available witnesses that supported Petitioner's provocation defense; (d) defense counsel, in effect, put into evidence to support any of Petitioners defenses, even accident  . . . ; (e) counsel wrongfully and without legal justification advised the Petitioner the video statement was admissible evidence when it clearly was not admissible; (f) prior to resting, Attorney Butler led the Petitioner to believe that he was entitled to a mistrial because the State failed to disclose the coat and shoes to them; (g) counsel made the bifurcation motion without any justification for the same which allowed evidence before the jury that clearly was prejudicial to him; and (h) most importantly, counsel failed to advise the Petitioner their opinions as to what was the best strategy related to his testifying under the circumstances of the case and failed to prepare him to testify to facts

that supported all three defense objectives."

Most of Mr. Foy's complaints with his counsel deal with tactical decisions made on his behalf, such as which witnesses to call, which theories of defense to raise, and whether to bifurcate the guilt phase from the mercy phase. Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused. The Court finds that Ira Haught ("Mr. Haught") and John Butler ("Mr. Butler") chose trial tactics that were reasonable in the defense of Mr. Foy and that are commonly used by other attorneys.

The Court finds that defense counsel believed it was in Mr. Foy's best interests to not call several witnesses to the stand. At the hearing on the Motion for New Trial, there was testimony by Mr. Butler that the defense counsel was concerned with introducing witnesses who had met Mr. Foy at the bar and who knew that he went to the bar every night. Mr. Butler further stated that it was a tactical decision to not: call Miranda Haessly as she had knowledge of statements by the defendant that he had a gun, use Jim McCutcheon's statement as he was not a credible or reliable source due to past actions in the community, and call other witnesses who the defense counsel feared would testify as having heard Mr. Foy making threats toward the victim.

Further, trial counsel testified at the Motion for a New Hearing, that they focused on the accident theory, as they felt it was unwise to present several different theories of defense. The defense concentrated on the theory of accident, and felt it was unwise to also try to present the theories of provocation and drunkenness to the jury. To issue a writ of habeas corpus on the ground of incompetency of counsel, an extreme case must exist. Mr. Foy has failed to prove his trial counsel was ineffective. "A person serving a sentence in a penitentiary, who seeks relief by habeas corpus on the ground that the appointment by the court of an alleged incompetent attorney to conduct his defense in a criminal proceeding amounts to a denial of his right to the assistance of counsel guaranteed by Section 14, Article III of the Constitution of this State and by the Sixth Amendment to the Constitution of the United States, has the burden of establishing by proof that the appointment of such counsel constituted a denial of his constitutional right to the assistance of counsel." Syl. Pt. 1, State ex. rel. Clark v. Adams, 144 W.Va. 771, 111 S.E.2d 336 (1959).

"In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel . . ., courts should measure and compare the questioned counsel's performance by

whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonable knowledgeable of criminal law . . ." Syl. Pt. 19, State v. Thomas, 157 W.Va. 640.

The Court finds that Mr. Foy's counsel of record, Mr. Butler and Mr. Haught were both fully qualified, by training and years of legal experience to represent the petitioner in the criminal proceeding and that the two attorneys consulted with the petitioner in connection with his defense on multiple occasions, that they were diligent in their representation of Mr. Foy, that they attempted to keep him informed of the proceedings and tactics employed, and that the professional conduct of both counsel was such at all times would be considered to be intended for the best interest and the protection of the rights of the petitioner.

Mr. Foy fails to prove that his trial counsel's performance was deficient under the objective standard of reasonableness; nor that there existed a reasonable probability that, but for Mr. Haught's and Mr. Butler's efforts, the result of the proceedings would have been different. See Syllabus pt. 5, State v. Miller, 194 W.Va. 9, 459 S.E.2d 114 (1995). In applying an objective standard, the Circuit Court believes that reasonable lawyers would have acted, under the circumstances, as Mr. Haught and Mr. Butler acted in the case at issue in preparing for trial.

Mr. Foy has failed to prove that his trial counsel was ineffective by a preponderance of the evidence; and his Petition is, therefore, DENIED concerning this ground.

In reviewing a claim of ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." Id. at 689-90. Second, if the Court finds that counsel's performance was unreasonable, the petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a one that is "sufficient to undermine confidence in the outcome."

Id.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's claim of ineffective assistance of counsel was not contrary to clearly established federal law. Although the state habeas court did not specifically cite Strickland, it reviewed the petitioner's ineffective assistance claim under the appropriate two-prong test: deficient performance and prejudice. See Resp't Ex. 5 at 8-13. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In making its determination that counsel's performance was neither deficient nor prejudicial, the state court relied on the events occurring at trial and the testimony of petitioners' trial counsel at a hearing on the petitioner's motion for a new trial. During that hearing, both attorney Haught and Butler testified they decided to not call certain witnesses, to bifurcate the proceedings and focus only on certain defense theories, for tactical and strategic reasons. See Resp't Ex. 7 (Post-Trial Motions Hearing Transcripts). What the petitioner now wants this court to do is second-guess the trial strategies of defense counsel. While there may have been things that in hindsight, counsel may have done better, or chosen to do in a different way, the job of a habeas court, whether state or federal, is not Monday morning quarterbacking. That kind of review is not consistent with the Supreme Court's findings in Strickland. See Cone v. Bell, 535 U.S. 685, 698 (2002) (quoting Strickland at 689) ("'Judicial scrutiny of a counsel's performance must be highly deferential and . . . every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"). To overcome the presumption that counsel's chosen trial tactics were sound, the petitioner must establish that counsel's strategy was so deficient as to render "the result of the trial unreliable or proceedings fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). The petitioner in this case, while suggesting that counsel could have done things differently, or even better, has simply failed to show that the result of the trial is unreliable or that the counsel's actions rendered the proceedings fundamentally unfair.

Along those same lines, to the extent that the petitioner has established any of the strategies defense counsel employed were deficient, he has failed to establish the other crucial element of the Strickland test: prejudice. A thorough review of the trial transcripts shows that the evidence against the petitioner was overwhelming. The petitioner did not contend that he was not the shooter, instead, the petitioner attempted to show that he shot his ex-wife because of an accident, sudden provocation, or intoxication.[2] Those were his best defenses, and those were the defenses set forth by trial counsel at trial. Trial counsel, without having to call any of it own witnesses, and without having to put the defendant on the stand,[3] was able to put into the minds of the jury that the shooting

---

[2] Defense counsel chose to focus mainly on the theory of accident, which appears to have been sound trial strategy. See Resp't Ex. 7 at 87. While the inability to see his child might have provoked the defendant's actions on the night he shot his ex-wife, it is clearly not justification for murder. See id. at 89. Moreover, such theory could have given rise to evidence that petitioner did not see his son on a regular basis, that he used his son to try to reconcile with his ex-wife, that he failed to pay child support, that there was a domestic violence order against him, that he stalked his ex-wife and other evidence detrimental to the petitioner's defense. Id. at 48, 91-93, 95. In addition, the testimony at the post-trial motions hearing was that petitioner was a heavy drinker and drank large quantities of alcohol on a regular basis. Id. at 51, 85-86. Thus, had the petitioner forced the issue of intoxication, the jury would likely have figured that even had the petitioner consumed 15-20 alcohol beverages on the night of the shooting, it would have had little to no effect on him because of his drinking history. Id. at 51.

[3] At the hearing on the motion for new trial, Attorney Butler testified that when he attempted to prepare the petitioner for testifying, the petitioner became upset with him and felt that Mr. Butler was not

may have been an accident, a result of sudden provocation or somehow not premeditated because the petitioner had been drinking. The jury simply did not buy those defenses and reasonably so.[4]

## B.    Ground Two - State Habeas Proceedings

In this ground, the petitioner asserts that the state court's handling of his habeas petition was in violation of his due process rights and its decision was based on an unreasonable determination of the facts presented and resulted in a decision contrary to and involved an unreasonable application of Federal law. As set forth in ground one above, the state court's adjudication of the petitioner's claims was not an unreasonable determination of the facts presented, nor did it result in a decision contrary to and involving an unreasonable application of Federal law.

As to the specific allegations the petitioner sets forth in support of this claim, to the extent that the petitioner challenges the state court process, that is a matter of state law that is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) ("a district court shall entertain an

_____

on his side. See Resp't Ex. 7 at 61. However, that is the nature of preparing a defendant for testifying at trial. In order to do so, counsel is required to act as the opposing party would to prepare the defendant for cross-examination and to advise the petitioner of the types of issues, whether good or bad, that are likely to be raised if he testifies. It does not mean that counsel is not on his side, it simply such proper advocacy. Any reasonable lawyer would act the same way in preparing his client to testify. In addition, because of the petitioner's resistance to this type of preparation, it was Mr. Butler's opinion that the petitioner would have made a "lousy witness." Id. at 62, 69, 111. Obviously, in a case such as this one, with such overwhelming evidence against his client, it was more than reasonable for counsel to advise the petitioner to not testify if he felt that the petitioner could not handle cross-examination and would not make a good witness.

[4] The evidence at trial showed that the petitioner was upset with his ex-wife for not allowing him to see his son. When they just happened to run into each other at a bar that night, the petitioner questioned his ex-wife regarding his son's whereabouts. According to the witness testimony, the petitioner made it known that he upset with his wife about the lack of visitation with his son. In addition, the petitioner was overheard making threats against his wife, including threats that he was going to "blow her brains out." When his ex-wife left the bar, the petitioner followed her outside and to the vehicle in which she was a passenger. As his ex-wife attempted to get into the car, the petitioner shot her. The testimony of the people with the victim at the time she was shot, was consistent with the petitioner raising the gun and firing it at his ex-wife. Significantly, the petitioner shot his ex-wife in the head.

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treatises of the United States")(emphasis added); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to "reexamine state-court determinations on state-law questions"); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (questions of state laws and statutes are not cognizable on federal habeas review).

To the extent that the petitioner argues that the state habeas court determined that an evidentiary hearing was not required to determine the claims raised in the petition, that ground is also without merit. The United States District Court for the Southern District of West Virginia has determined that a habeas petitioner does not have a right under any and all circumstances to an evidentiary hearing regarding his habeas petition. In reaching this decision, the court stated as follows:

> West Virginia Code 53-4A-1 *et seq*. addresses post-conviction habeas corpus remedies. Section 53-4A-7 addresses the granting or denial of relief, with or without an omnibus habeas corpus hearing:
>
> > (a) If the petition [and related documents], . . . show to the satisfaction of the court that the petitioner is entitled to no relief, . . . the court shall enter an order denying the relief sought. If it appears to the court from said petition [and related documents], . . . that there is probable cause to believe that the petitioner may be entitled to some relief . . ., the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury.
>
> > * * *
>
> > (c) When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the

findings in the case, . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

In Perdue v. Coiner, 156 W.Va. 467, 194 S.E.2d 657 (W.Va.1973), the Supreme Court of Appeals recognized that a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition and related documents show to such court's satisfaction that the petitioner is entitled to no relief. The Court noted that the statute contemplates the exercise of discretion by the court.

In Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606, 764 (W.Va.1981), the Court held that "every person convicted of a crime shall have . . . one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated." In Losh, the Court noted the "difficulty" presented in the case due to the fact that the petitioner never had appointed counsel in his post-conviction efforts, and never had an omnibus hearing. Id., at 767, 277 S.E.2d 606.

In Gibson v. Dale, 173 W.Va. 681, 319 S.E.2d 806, 812 (W.Va.1984), the Court addressed the issue of when a full evidentiary hearing must be conducted under the West Virginia post-conviction habeas corpus statute. The Court held that Circuit Courts have some discretion whether to conduct an evidentiary hearing, but not unlimited discretion. Id., at 813. Citing Harris v. Nelson, 394 U.S. at 300, and quoting from that Supreme Court opinion that "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry," our West Virginia Supreme Court held as follows:

> With respect to the issue of whether in a particular case, the petition is entitled to a full evidentiary hearing, the ultimate question to be decided by the court is whether the petitioner has had a full and fair hearing at some stage of the proceeding with respect to the contentions raised in his petition. If the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record. If, on the other hand, the facts giving rise to the petitioner's contentions have never been fully developed prior to the habeas proceeding or proof of the petitioner's allegations depends on after- discovered information, the

court should afford the petitioner a full opportunity for the presentation of the relevant facts.

277 S.E.2d at 814.

In State ex rel. Watson v. Hill, 200 W.Va. 201, 488 S.E.2d 476, at 478 (W.Va.1997), the Supreme Court of Appeals held that a one-paragraph order finding that the allegations in a petition for a writ "are entirely without merit" and denying the petition was insufficient. The Court also ruled that the issue of ineffective assistance of counsel is a "notable exception" to the general rule that the judge who presided at the trial and who has access to transcripts is sufficiently familiar with the underlying proceedings to determine the issues raised in a petition without a hearing. Id., at 479. Obviously, issues such as incompetency of counsel will not have been raised or litigated in the underlying criminal trial. Id.

Jenkins v. Coleman, 2002 WL 32366023, *6-*7 (S.D.W.Va. 2002).

Thus, under West Virginia law, the petitioner was not entitled to have an evidentiary hearing and federal habeas corpus law does not require that such a hearing be granted. Id. Moreover, error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998).[5]

Additionally, W.Va.Code §53-4A-7(c) requires a West Virginia court denying a request for habeas relief to enter a written order, "mak[ing] specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced . . . clearly stat[ing] the grounds upon which the matter was determined, and . . . stat[ing] whether a federal and/or state right was presented and decided."

Upon review of the circuit court's Order denying petitioner state habeas relief, the

---

[5] To the extent that the petitioner also argues that the state habeas court erroneously misstated the grounds raised in the petition, or erroneously misstated the facts raised in support of those grounds, such circumstance is largely petitioner's own doing. See n. 1, infra. The state habeas court identified nearly the same grounds for relief that this Court could clearly identify. In fact, the state habeas court was able to identify even more grounds than this Court.

undersigned finds that the court clearly fulfilled its statutory obligation in this regard. In the Order denying the petitioner's state habeas petition, the circuit court outlined the facts and procedural history of this case, explained the grounds and claims advanced by the petitioner, stated the grounds upon which each was determined, and on which its determinations were made. However, even assuming *arguendo* that the order varied slightly from the norm, based upon a strict reading of the code provision, this Court finds that any minor discrepancy associated therewith does not rise to the level of a constitutional violation. See Estelle v. McGuire, supra.

## C.   Ground Three - Conduct of Defense Counsel in Petitioner's Best Interest

In this ground, the petitioner asserts that the habeas court erroneously found the conduct of both defense counsel would be considered in the best interest and protection of petitioners' rights. In support of this ground, the petitioner asserts that grounds 1 and 2 of the petitioner belie this finding by the court and that defense counsel's handling of the State's instructions 5, 6, 7, and 9 evidence that they were not knowledgeable as to the approved murder instructions.

For the reasons set forth in grounds one and two above, this ground is without merit. The transcripts of the petitioner's post-trial motion hearing support the state court's finding that defense counsel acted in the petitioner's best interest. As noted in ground one, even if counsel could have, or even should have, done certain things differently, the petitioner has not established prejudice. Conclusory and self-serving statements are simply not sufficient to meet the petitioner's burden of proof under § 2254.

## D.   Ground Four - State Court Went Outside Record

In this ground, the petitioner asserts that his due process rights were violated when the state habeas court went outside the record to find that his defense attorneys were fully qualified by training

and legal experience to represent petitioner in a first degree murder case. In support on this ground, the petitioner asserts that there is nothing in the record to show that either attorney had ever handled or tried a murder case, or even had the slightest training in handling a capital murder case and that defense counsel's handling of State's instructions 5, 6, 7, and 9 evidences they did not possess the basic knowledge and skill to handle a capital murder case.

For the reasons set forth in grounds one and two above, this ground is without merit. Moreover, to the extent that such a challenge is cognizable on federal habeas review, the fact that neither attorney had ever tried a capital murder case before is not sufficient grounds to find that they were unqualified to handle such a case. Furthermore, one instance of possible error is not sufficient in and of itself to establish to establish by a preponderance of the evidence, that they were, or that the petitioner was prejudiced by counsel's deficiency. The petitioner has not presented any evidence of actual prejudice. The fact that he was convicted and not granted mercy is not in and of itself indicative of prejudice. The petitioner must actually show, by a preponderance of the evidence, that the results of the proceedings would have been different, but for counsel's errors. The petitioner has failed to do so.

## IV. <u>Recommendation</u>

For the reasons set forth in this Opinion, the undersigned finds that at best, there is a mere scintilla of evidence favoring the petitioner and that the petitioner has otherwise failed to offer sufficient evidence to show that a "fair-minded jury could return a verdict for" him. <u>Anderson v Liberty Lobby, Inc.</u>, 477 U.S. at 252. Therefore, the undersigned recommends that the respondent's Motion for Summary Judgment (dckt. 13) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED WITH PREJUDICE**. In light of these findings, it is further

recommended that the petitioner's Motion to Strike the Respondent's Answer (dckt. 19) be **DENIED as moot**.[6]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: October 15, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[6] Even assuming that the respondent's answer failed to properly comply with the applicable rules, the respondent's Motion for Summary Judgment is proper and addresses each of the petitioner's claims point for point. Therefore, even if the Court were to strike the respondent's answer, the petitioner is still not entitled to relief by the Court's granting of the respondent's motion for summary judgment.