IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARL WAYNE FOY,

    Petitioner,

v.                                                    Civil Action No. 5:08CV42
                                                                          (STAMP)

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Procedural History

The petitioner, Carl Wayne Foy, an inmate at Mount Olive Correctional Complex, was convicted on November 14, 2002, of first degree murder. The petitioner was sentenced in the Circuit Court of Pleasants County, West Virginia, to life without mercy in the penitentiary. On October 2, 2003, the petitioner filed a direct appeal of his conviction and sentence, which the Supreme Court of Appeals of West Virginia refused.

Thereafter, on May 18, 2005, the petitioner filed a habeas corpus petition in state court. That petition was subsequently dismissed. The petitioner then appealed the dismissal of his habeas petition, which the Supreme Court of Appeals of West Virginia refused.

On January 18, 2008, the petitioner filed the current petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in

state custody.[1]  This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  In response to an order to show cause, the respondent filed an answer, as well as a motion for summary judgment.  The petitioner then filed a response to the motion for summary judgment to which the respondent did not reply.  The petitioner also filed a motion to strike the respondent's answer.

On October 15, 2008, Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's motion for summary judgment be granted, the petitioner's motion to strike the respondent's answer be denied as moot, and the petitioner's § 2254 petition be denied and dismissed with prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within ten days after being served with a copy of the magistrate judge's recommendation.  The petitioner filed timely objections.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

---

[1]This case was transferred to this Court from the Southern District of West Virginia on January 25, 2008.

## II. Facts

### A. The Petition

The petitioner's § 2254 petition asserts four separate grounds for relief, which are generally as follows:

(a) Ground One: The petitioner alleges that he received ineffective assistance of counsel because defense counsel (1) did not prepare the petitioner to testify, told the petitioner not to testify, and advised the petitioner that his recorded statement was admissible; (2) failed to timely issue a subpoena duces tecum for the court order giving him visitation rights to his son; (3) stated facts in the opening statement that clearly negated his wife's death as premeditated; (4) failed to call any witnesses; (5) was refused by the trial judge to proffer provocation and intoxication instructions for lack of evidence; (6) falsely advised the judge that they had evidence to present to the jury that was only proper in a mercy phase and induced the judge to bifurcate the trial to the petitioner's detriment; (7) asked no questions and presented no evidence during the mercy phase of trial; (8) refused to converse with the petitioner after a certain date as trial neared; and (9) failed to give newly-appointed additional defense counsel a complete file, while being the only counsel advising the petitioner of the trial proceedings.

(b) Ground Two: The petitioner alleges that the state court's handling of his habeas petition was in violation of his due process rights, and its decision was based on an unreasonable determination of the facts presented, resulting in a decision contrary to federal law. As support for this ground, the petitioner contends that (1) the habeas petition set forth over 40 specific allegations of fact, each supported by an exhibit; (2) the State's response stated the matters that respondent admitted and denied in the petition; (3) the habeas court failed to respond to counsel's requests for a hearing; (4) the habeas court determined that a hearing was not required; and (5) the habeas court's ruling both failed to address most of the petitioner's evidence and misstated the facts.

(c) Ground Three: The petitioner alleges that the habeas court erroneously found the conduct of defense counsel in the best interest and protection of the petitioner's rights. In support of this ground, the

3

petitioner relies upon all the reasons stated in Ground One and Two of his petition. Additionally, the petitioner claims that defense counsels' handling of the State's jury instructions 5, 6, 7, and 9 evidence that counsel was not knowledgeable concerning murder instructions.

(d) <u>Ground Four</u>: The petitioner alleges that the state habeas court violated his due process rights when it went outside the record to find that the petitioner's defense counsel were fully qualified to represent the petitioner in a first degree murder case. Specifically, the petitioner claims that nothing in the record shows that either defense counsel ever handled, tried, or even had training in a capital murder case, and that their handling of the State's jury instructions prove that defense counsel did not have the basic knowledge and skill to handle a capital murder case.

B. <u>The Respondent's Motion for Summary Judgment</u>

The respondent filed a motion for summary judgment asserting that no genuine issues of material fact remain, and therefore, requesting a judgment in his favor as a matter of law. Particularly, the respondent contends that the petitioner fails to assert cognizable claims on federal habeas review, fails to state claims upon which relief can be granted, and fails to demonstrate that he is entitled to relief.

C. <u>The Petitioner's Motion to Strike the Respondent's Answer</u>

The petitioner filed a motion to strike the respondent's answer to the § 2254 petition, asserting that it fails to properly address the allegations in the petition as required by Rule 5 of the Rules Governing Section 2254 Proceedings. Morever, the petitioner claims that the respondent's general denial is not in compliance with Rule 8 of the Federal Rules of Civil Procedure because it does not appropriately address the factual allegations

4

raised in the petition. The petitioner claims that the respondent should either be compelled to admit or deny each allegation raised in the petition, or have his answer stricken from the record.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections in this case, the Court will undertake a <u>de novo</u> review.

### IV. Discussion

A. <u>Federal Habeas Review Under Title 28, United States Code, Section 2254</u>

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief. To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir. 1997). Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand." <u>Durkin v. Davis</u>, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting <u>Gilstrap v. Godwin</u>, 517 F.2d 52, 53

(4th Cir. 1975)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). The phrase "'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

Nevertheless, habeas corpus relief is not warranted unless the constitutional error at trial had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). Accordingly, "[u]nder this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637.

A. Ground One: Ineffective Assistance of Counsel

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S.

668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).

Based upon a de novo review, this Court finds that counsels' performance was neither deficient nor prejudicial for the reasons set forth by the petitioner in Ground One. At a hearing on the petitioner's motion for a new trial, defense counsel testified that their decisions to not call certain witnesses, bifurcate the proceedings, and focus on certain defense theories were for both tactical and strategical reasons. Through his ineffective assistance of counsel claim, the petitioner now wants this Court to review and second-guess the trial strategies of the defense counsel. Such review, however, is not appropriate. See Cone v. Bell, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689) (internal quotations omitted) ("[J]udicial scrutiny of a counsel's performance must be highly deferential and . . . every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time."). Only if counsel's strategy was so deficient that it rendered "the result of the trial unreliable or proceedings fundamentally unfair" can a petitioner overcome the presumption

that defense counsels' chosen trial strategies and tactics were acceptable. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

In this case, the petitioner has failed to show that the result of the trial is unreliable or that defense counsels' actions made the proceedings fundamentally unfair. The petitioner's objections to the magistrate judge's report and recommendation on Ground One, stating, in part, that defense counsels' actions were so deficient that "no competent attorney would have done what they did in this case," therefore, must be overruled. (Pet'r's Objections at 9.) Moreover, the petitioner has failed to establish that any of the strategies or tactical decisions made by defense counsel prejudiced him at trial. Accordingly, the magistrate judge's report and recommendation concerning Ground One of the petitioner's § 2254 petition is affirmed and adopted.

B.  Ground Two: State Habeas Proceedings

Ground Two of the petitioner's § 2254 petition claims that the state habeas court's handling of his habeas petition was in violation of his due process rights and resulted in a decision contrary to federal law. This Court disagrees and affirms the magistrate judge's recommendation that the state habeas court's adjudication of the petitioner's claims did not violate the petitioner's due process rights or result in a decision contrary to and involving an unreasonable application of federal law.

Specifically, as to those allegations in which the petitioner challenges the state court process, such a claim is not cognizable

8

on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) ("[W]hen a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review.").  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 68.

Moreover, to the extent that the petitioner asserts that the state habeas court should have afforded him an evidentiary hearing, the petitioner's claim must fail.  The United States District Court for the Southern District of West Virginia has held that a habeas petitioner does not have a right, under all circumstances, to an evidentiary hearing regarding his habeas petition.  Jenkins v. Coleman, 2002 WL 32366023, at *6 (S.D. W. Va. 2002) (unpublished). See also, e.g., W. Va. Code § 53-4A-3 (2009) ("If the petition, affidavits, exhibits, records and other documentary evidence attached thereto . . . show to the satisfaction of the court that the petitioner is entitled to no relief . . . the court shall by order entered of record refuse to grant a writ."); Gibson v. Dale, 319 S.E.2d 806, 812-13 (W. Va. 1984) ("It is evident from a reading of W. Va. Code § 53-4A-7(a) that a petitioner for habeas corpus relief is not entitled, as a matter of right, to a full evidentiary

hearing in every proceeding instituted under the provisions of the post-conviction habeas corpus act."). The petitioner in this case, therefore, was not entitled to an evidentiary hearing.

Finally, this Court finds that the state habeas court's order denying the petitioner's request for habeas relief was appropriate. When a court determines to deny or grant habeas relief, "the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds . . . advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided." W. Va. Code § 53-4A-7(c). The state court's order denying the petitioner state habeas relief satisfies these requirements. As the magistrate judge noted in his report and recommendation to this Court, the state court outlined the facts and procedural history of the case, explained the claims advanced by the petitioner, and stated the grounds upon which each claim was determined and ultimately decided. Accordingly, Ground Two, in its entirety, lacks merit.

C. <u>Ground Three: Conduct of Defense Counsel in Petitioner's Best Interest</u>

Ground Three of the petitioner's § 2254 petition claims that the state habeas court erroneously held that the conduct of defense counsel was in the best interest and protection of the petitioner's rights. While reemphasizing facts that he relied upon in Grounds One and Two, the petitioner also claims that defense counsels'

handling of specific State jury instructions evidenced that they were not knowledgeable as to approved murder instructions. The magistrate judge found that the petitioner did not establish prejudice.

In his objections, the petitioner claims that defense counsels' handling of State's instructions 5, 6, 7, and 9 reflected "total ignorance of State v. Guthrie, 194 W. Va. 657 (1995)." (Pet'r's Objections at 6.) Specifically, the petitioner asserts that his own defense counsel objected to the Guthrie instruction and had the "guts" of the instruction struck by the trial court, resulting in a prejudicial charge that instructed the jury that premeditation could occur for the first time at the instant time of killing. The petitioner, therefore, argues that defense counsels' actions were both deficient and prejudicial to the petitioner.

Erroneous jury instructions do not state a federal claim unless the instruction "by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 146 (1973). The fact that an instruction is "undesirable, erroneous or even universally condemned," cannot automatically form the basis for habeas relief. Id. Finally, when "a collateral attack on a state conviction is premised on an assertedly erroneous jury instruction, that instruction may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Smith v. Bordenkircher, 718 F.2d 1273,

1276 (4th Cir. 1983) (citing Cupp, 414 U.S. at 146) (internal quotations omitted).

Here, the petitioner objects to defense counsels' handling of several State instructions regarding deliberation, premeditation, and specific intent to kill. The crux of the petitioner's argument, however, seems to concern defense counsels' objection to State's instruction 9, entitled the "Guthrie Instruction." As submitted to the trial court for consideration, the instruction stated the following:

> <u>The Court instructs the jury that Murder Of the First Degree consists of an intentional, deliberate and premeditated killing which means that the killing is done after a period of time for prior consideration</u>. The duration of that period of time cannot be arbitrarily fixed. The time in which to form a deliberate and premeditated design varies as the minds and temperaments of people differ, and according to the circumstances in which they may be placed. Any interval of time between the forming of the intent to kill and the execution of that intent, which is of sufficient duration for the accused to be fully conscious of what he intended is sufficient to support a conviction for first degree murder.

(Pet'r's Pet. at 51) (emphasis added). A review of the trial transcripts reveals that defense counsel objected to this instruction, to which the trial court decided to modify the instruction by striking the first complete sentence, emphasized above. By eliminating this single sentence, the petitioner asserts that the cornerstone of his murder case defense was essentially erased:

> A "Guthrie" Instruction informs the jury that all murders are intentional and deliberate killings, but that first degree murder requires premeditation 'which means that

12

>           the killing is done after a period of time for prior
>           consideration.' . . . After defense counsel objected,
>           . . . the end result was the jury was instructed that
>           premeditation could occur for the first time at the time
>           of such killing.  That is not the law in the State of
>           West Virginia!

(Pet'r's Objections at 7.)

In his report and recommendation, the magistrate judge held that the petitioner's claims were properly presented to the courts of the State, and furthermore, adjudicated on the merits in state court. Accordingly, finding that the petitioner had exhausted his state remedies, and that this claim could be raised on federal habeas review, the magistrate judge then recommended that this claim be dismissed for failure to establish prejudice.

While this Court agrees with the magistrate judge's ultimate finding that Ground Three of the petitioner's § 2254 must be dismissed, this Court partakes in a slightly different analysis to reach such a conclusion.[2]  After a thorough review of the petitioner's direct appeal of his conviction to the Supreme Court of Appeals of West Virginia, his state habeas corpus petition, and his petition for appeal of the denial of his state writ for habeas corpus, this Court finds that the petitioner has not exhausted his state administrative remedies as required under 28 U.S.C. § 2254. Specifically, in neither his direct appeal nor his state habeas

---

[2]Under 28 U.S.C. § 636(b)(1), a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

petition does the petitioner raise the argument concerning defense counsels' alleged deficiency in objecting to and striking the Guthrie jury instruction.  Indeed, the petitioner does not raise this argument until he appeals Judge Robert L. Holland, Jr.'s May 23, 2007 order denying the petitioner's state habeas corpus petition.[3]  However, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, State ex rel. Cooper v. Caperton, 470 S.E.2d 162 (W. Va. 1996).  Accordingly, because this argument was not properly before the Supreme Court of Appeals of West Virginia, this Court finds that the petitioner has not exhausted his state remedies, and therefore, this Court may not consider Ground Three in the petitioner's federal habeas petition.

At the same time, this Court agrees with Magistrate Judge Kaull that even if Ground Three of the petition is properly before this Court, the petitioner has not established prejudice.  The evidence against the petitioner at trial was overwhelming.  Further, considering the trial court's jury instructions together, the Guthrie jury instruction, in context of the entire charge, was essentially and appropriately given.  Accordingly, this Court must adopt the report and recommendation of the magistrate judge on

---

[3] The Supreme Court of Appeals of West Virginia refused the petitioner's petition for appeal on January 10, 2008.

14

Ground Three, and grant the respondent's motion for summary judgment on this ground.

D.   Ground Four: State Court Went Outside Record

In Ground Four of his petition, the petitioner claims that his due process rights were violated when the state habeas court went outside the record to determine that defense counsel were fully qualified to represent the petitioner in a first degree murder case. The magistrate judge recommended that this ground be dismissed, for the reasons set forth in Grounds One and Two, stated above, and because the fact that neither attorney had ever tried a capital murder case was insufficient to find them unqualified. Based upon a de novo review, this Court agrees with the recommendations of the magistrate judge, and finds that Ground Four lacks merit.

E.   Motion to Strike

The petitioner filed a motion to strike the respondent's answer for failure to address the allegations in the § 2254 petition. The magistrate judge recommended that in light of its recommendation to grant the respondent's motion for summary judgment, the petitioner's motion to strike the respondent's answer should be denied as moot. Particularly, the magistrate judge stated that even if the respondent's answer did not comply with the applicable rules, the respondent's motion for summary judgment addressed each of the petitioner's claims. Thus, the petitioner

15

would still not be entitled to relief.  The petitioner objected to this recommendation.

This Court agrees with the report and recommendation of the magistrate judge that the respondent's motion for summary judgment is proper and addresses the petitioner's claims of the § 2254 petition.  Striking the respondent's answer, therefore, would entitle the petitioner to no relief on these grounds, and denying as moot the motion to strike is appropriate.

## V.  Conclusion

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation.  Accordingly, the respondent's motion for summary judgment is GRANTED, and the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE.  Furthermore, in light of this finding, the petitioner's motion to strike the respondent's answer is DENIED AS MOOT.  It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    March 12, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE